# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06 CR 165-19

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| MICHAEL JAY SHIRLEY, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, pursuant to a motion filed by the defendant on January 29, 2007 entitled, "Motion to Reconsider Bond", (#299) and it appearing to the court at the call of this matter on for hearing that the defendant was present with his attorney, M. Victoria Jayne, and that the Government was present and represented through Assistant United States Attorney, Jill Rose, and from arguments of counsel for the defendant and the arguments of the Assistant United States Attorney and the records in this cause, the court makes the following findings:

**Findings**.  On August 7, 2006 a bill of indictment was issued charging the defendant with conspiracy to distribute a quantity of methamphetamine and with using a communication facility committing and facilitating the possession with intent to distribute a quantity of methamphetamine.  On October 23, 2006, the defendant requested that he be heard in regard to the issue of pretrial release.  On November 3, 2006 the undersigned held a detention hearing for the defendant, pursuant to that motion.  The undersigned entered an order detaining the defendant but allowed the defendant to participate and complete the Jail Based Inpatient Treatment Program and stated that upon successful completion of the

program, defendant's counsel would be allowed to file a motion in the cause requesting that the court reconsider the issue of detention based upon a change of condition, that being the defendant's completion of the Jail Based Inpatient Treatment Program. On that same date, that being November 3, 2006, the undersigned further held an inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and accepted a plea of guilty of the defendant to the charges contained in Count One of the bill of indictment, that being conspiracy to distribute methamphetamine. On January 29, 2007, the defendant, by and through his attorney, filed a motion entitled "Motion to Reconsider Bond". In that motion, counsel for the defendant alleged that the defendant had not been allowed to participate in the Jail Based Inpatient Treatment Program and that the defendant needed psychological treatment and as a result the defendant was requesting that the court reconsider the detention of the defendant so that the defendant could obtain drug treatment and psychological and mental health treatment at cost to himself while on release.

**Discussion.** The issue that arises as a result of the defendant's motion is whether or not the court should reconsider the issue of the release of the defendant, pursuant to 18 U.S.C. § 3142(f)(2) and apply the factors to be considered as to the issue of detention as set forth under 18 U.S.C. § 3142(g) or should the court apply the factors as set forth under 18 U.S.C. § 3143(a)(2). 18 U.S.C. § 3143(a)(2) provides as follows:

> **(2)** The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
> **(A)**(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or

2

> new trial will be granted; or
> **(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> **(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears that the defendant has entered a plea of guilty on November 3, 2006 to the crime of conspiracy to manufacture and possess with intent to distribute methamphetamine. This is an offense for which the maximum possible penalty is a term of imprisonment which may not be less than 10 years' nor more than life imprisonment. As a result, this is an offense which is described in 18 U.S.C. § 3142(f)(1)(C) and is as set forth in 18 U.S.C. § 801 et. seq. From the evidence, the undersigned finds that there is not a substantial likelihood that a motion for acquittal and a new trial will be granted in regard to the charges against the defendant. The undersigned further finds that an attorney for the Government has not recommended that no sentence of imprisonment be imposed on the defendant. It would thus appear and the court is of the opinion, that the court should apply the factors as set forth under 18 U.S.C. § 3143(a)(2).

An issue similar to the one presented herein was considered by the District Court in <u>US v Freeman</u>, 2:06cr12-2. As a result of the ruling of the District Court in <u>Freeman</u>, it is the opinion of this court that this court should apply the standard as set forth under 18 U.S.C. § 3143(a).

As a result of the foregoing and pursuant to the mandatory language of 18 U.S.C. § 3143(a)(2), the undersigned must deny the motion (#299) and order that the defendant be

detained pending further proceedings in this matter. The undersigned will affirm the previous order of detention which allows the defendant to participate in the Jail Based Inpatient Treatment Program pending sentencing in this matter.

**ORDER**

WHEREFORE, it is **ORDERED** that the defendant's "Motion to Reconsider Bond" (#299) is hereby **DENIED** and it is further **ORDERED** that the defendant be allowed to participate in the Jail Based Inpatient Treatment Program pending sentencing and further proceedings in this matter.

Signed: February 8, 2007

Dennis L. Howell
United States Magistrate Judge